IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL L. GOKEE,

                Plaintiff,

    v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

ORDER

17-cv-400-jdp

---

Plaintiff Michael L. Gokee seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding him not disabled as defined in the Social Security Act. After full briefing, the court heard oral argument at a telephonic hearing on February 15, 2018.

The ALJ issued a generally thorough and well-reasoned decision. But for reasons explained during the hearing and summarized here, the court will remand this case to the Commissioner so that the ALJ can consider Gokee's mental function limitations in determining Gokee's residual functional capacity.

At step three of the sequential evaluation, the ALJ determined that Gokee's mental impairments (depression, anxiety, and somatoform disorder) "do not cause more than minimal limitation in [Gokee's] ability to perform basic mental work activities." R. 20–21.[1] Specifically, she found that Gokee has "no more than mild restrictions" in activities of daily living, social functioning, and concentration, persistence, or pace. R. 20–21. Therefore, she determined that Gokee's mental impairments are not severe. So far, so good.

---

[1] Record cites are to the administrative transcript, located at Dkt. 9.

But ALJs must incorporate any function limitations caused by mental impairments into the claimant's RFC, even if the mental impairments are not severe. *Kasarksy v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003). And here, the ALJ did not incorporate any of Gokee's mental impairments in the RFC.

The ALJ's discussion at step three could be interpreted to mean that the ALJ concluded that that Gokee actually has no mental impairments at all—if so, there was no need to include mental function limitations in the RFC. But the step three discussion could also be read as saying that Gokee has minor mental impairments. If so, it was incumbent on the ALJ to follow up on those impairments in determining the RFC. And based on the evidence of record, and the ALJ's opinion, it appears that Gokee did indeed have some mental health problems that might have interfered with full-time work, but the ALJ concluded that they were controlled well enough by medication so that they were not severe. But the ALJ did not make clear whether Gokee still had mental limitations even with medication.

The Commissioner points out that the jobs listed by the vocational expert are all unskilled, suggesting that mild mental limitations would not be an impediment to those jobs. But the Seventh Circuit has repeatedly rejected the notion that limiting a claimant to unskilled work adequately accounts for mental function limitations. *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014). If Gokee's mild mental impairments had been included in the hypothetical presented to the vocational expert, the vocational expert's testimony might well have been different.

On remand, when determining Gokee's RFC, the ALJ must consider Gokee's mental function limitations, even minor ones if he has them. That does not mean that mental

function limitations must be included in the RFC. But if they are not included, the ALJ must explain why.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Michael L. Gokee's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered February 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge